United States District Court
Southern District of Texas
**ENTERED**
August 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PROMEDEV, LLC** | § | |
| **D/B/A RELIEF FACTOR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-MC-00761 |
| | § | |
| | § | |
| **MAXXIMEDIA ADVERTISING CO.,** | § | |
| | § | |
| Defendant/Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

In November 2024, Plaintiff Promedev, LLC obtained a judgment against MaXXiMedia Advertising Co. in the Western District of Washington. *See* Declaratory J., *Promedev, LLC v. Wilson*, No. 2:22-CV-01063 (W.D. Wash. Nov. 5, 2024), Dkt. No. 160 [hereinafter Judgment]; (Dkt. No. 3-1). The Judgment awarded Promedev $421,636.68 in attorney's fees, $4,601.15 in costs, and post-judgment interest under 28 U.S.C. § 1961 at a rate of 4.22% accruing from November 5, 2024, until paid in full. Judgment at 3; (Dkt. No. 3-1 at 4).

Promedev registered the Judgment in this Court on April 24, 2025. (Dkt. No. 1). Shortly after, it applied for a writ of garnishment against MaXXiMedia's bank, Wells Fargo, to enforce the judgment. (Dkt. No. 3). According to the application, as of that date, post-judgment interest totaled $8,771.86, and the total outstanding balance was $435,009.69. (*Id.* at 3).

Pending before the Court is Promedev's Application for Writ of Garnishment After Judgment. (*Id.*). For the reasons below, the Court **DENIES** the Motion.

I.  **LEGAL STANDARD**

Rule 69 of the Federal Rule of Civil Procedure governs how courts enforce money judgments, including an award of unpaid attorney's fees. 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary r. 69 (2024); *see also RMA Ventures Cal. v. SunAmerica Life Ins.*, 576 F.3d 1070, 1074 (10th Cir. 2009) ("A judgment granting attorneys' fees is 'collected or executed in the same manner as any other money judgment.'" (quoting 10 Moore's Federal Practice § 54.158[2][a] (3d ed. 2009))). Rule 69 states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Rule 69, therefore, establishes two relevant principles: "(1) that the usual recourse is a writ of execution" and "(2) that the writ [and supplementary proceedings] will be enforced using the local state practices for executing judgments." 2 Gensler, *supra*; *see also Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 735 (5th Cir. 2020) ("The federal rules provide judgment creditors the enforcement tools available under the law of the state in which the court is located." (citing Fed. R. Civ. P. 69(a)(1))).

While Rule 69 "establishes the writ of execution as the general vehicle for enforcing a money judgment," 2 Gensler, *supra*, it does not foreclose other enforcement mechanisms

if permitted by the state, *Peacock v. Thomas*, 516 U.S. 349, 359 n.7, 116 S.Ct. 862, 869 n.7, 133 L.Ed.2d 817 (1996) ("Rule 69(a) . . . permits judgment creditors to use *any* execution method consistent with the practice and procedure of the State in which the district court sits." (emphasis added)). The Fifth Circuit has specifically held that Rule 69(a) allows the use of garnishment to enforce a money judgment if that remedy is available under state law. *Grenada Bank v. Willey*, 694 F.2d 85, 87–88 (5th Cir. 1982).

Texas permits writs of garnishment to enforce money judgments. *See* Tex. R. Civ. P. 621 ("The judgments of the . . . courts shall be enforced by execution *or other appropriate process*." (emphasis added)); Tex. Civ. Prac. & Rem. Code §§ 63.001–.008 (providing for garnishment actions); Tex. R. Civ. P. 657–79 (same). "As actions supplemental to or in aid of execution, according to Federal Rule of Civil Procedure 69, garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006).

"Garnishment actions in Texas are 'purely statutory' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *JGM Holdings, LLC v. T-Mobile USA, Inc.*, 568 F.App'x 316, 319 (5th Cir. 2014) (per curiam) (first quoting *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006); and then citing Tex. Civ. Prac. & Rem. Code § 63.001 (listing the scenarios in which garnishment is available)). In Texas, post-judgment garnishment is available when "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 63.001(3); *see also* Tex.

R. Civ. P. 658 (outlining requirements for applying for a writ of garnishment). The statutory and procedural requirements governing garnishment applications are set forth in Chapter 63 of the Texas Civil Practice and Remedies Code and Texas Rules of Civil Procedure 657–79. *See* Tex. Civ. Prac. & Rem. Code §§ 63.001–.008; Tex. R. Civ. P. 657–79.

A party must strictly comply with these statutory requirements to receive a writ of garnishment. Tex. R. Civ. P. 658. Courts applying Texas law make clear that "the remedy of garnishment is summary and harsh[] and should not be sustained unless there is strict compliance with the statutory requirements." *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, orig. proceeding) (collecting cases); *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937); *Premium Latin Publ'g, Inc. v. Fredonia Enters.*, No. 4:07-CV-02739, 2010 WL 11586404, at *1 (S.D. Tex. Jan. 12, 2010). They explain that the "garnishment statute must be strictly construed to protect third parties from the 'inconvenience and hazard' of suit." *Premium Latin Publ'g, Inc.*, 2010 WL 11586404, at *1 (first quoting *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 286 (Tex. App.—Houston [1st Dist.] 1991, writ denied); and then citing *Beggs*, 106 S.W.2d at 1042). Therefore, "garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 124 (Tex. App.—Fort Worth 2010, no pet.) (quoting *Walnut Equip. Leasing Co. v. J–V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied) (per curiam)); *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.) ("If any of the statutory requirements are not met, the right to have a garnishment judgment rendered against the property of the debtor fails."); *Abdullah v.*

4

*State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.) ("If a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules.").

In addition to complying with Texas's statutory requirements, parties in the Southern District of Texas must include a proposed writ of garnishment with their application. Although there is no standard form, Rule 659 specifies certain requirements, including identification of the parties, a command directing the garnishee to appear before the issuing court by or before 10:00 a.m. on the Monday following 20 days after service, and instructions on what the garnishee must answer under oath. Tex. R. Civ. P. 659. Rule 661 provides a model form. Tex. R. Civ. P. 661.

## II.     ANALYSIS

Promedev's application for a writ of garnishment fails to meet Texas's statutory requirements. Although MaXXiMedia's proposed order states—consistent with Section 63.001(3)—that, to Promedev's knowledge, "Judgment Debtor does not possess property in Texas subject to execution sufficient to satisfy the . . . Judgment," (Dkt. No. 3 at 4), it is not accompanied by a supporting affidavit, as required by both Section 63.001(3) and Texas Rule of Civil Procedure 658, Tex. Civ. Prac. & Rem. Code § 63.001; Tex. R. Civ. P. 658.

Because Texas law requires strict compliance with statutory garnishment procedures, this defect is fatal to Promedev's application. *See Zeecon Wireless Internet*, 305 S.W.3d at 816; *Abdullah*, 211 S.W.3d at 943.

Accordingly, the Court **DENIES** Promedev's application with leave to refile. If Promedev chooses to refile, it must include an affidavit that meets the requirements of Section 63.001(3) of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 658. The remainder of the application must also comply with the statutory requirements outlined above. *See supra* Section I. Any resubmission should attach a proposed writ of garnishment that conforms to Texas Rule of Civil Procedure 659.

### III.   CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Application for Writ of Garnishment After Judgment. (Dkt. No. 3)**.**

It is SO ORDERED.

Signed on August 5, 2025.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**